UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**F I L E D**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY - 1 2003

DAVID J. MALAND, CLERK
BY
DEPUTY

| | |
|---|---|
| LISA DAVIS | § |
| Plaintiff, | § |
| | § |
| V. | § |
| | § |
| THE KROGER COMPANY | § |
| Defendant. | § |

CIVIL ACTION NO. 4:03-cv-00052

## PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Lisa Davis, hereinafter called Plaintiff, complaining of and about The Kroger Company, hereinafter called Defendant, and for cause of action would show unto the Court the following:

### PARTIES AND SERVICE

1.    Plaintiff, Lisa Davis, is an Individual whose address is PO Box 105, Hendrix, Oklahoma 74741.

2.    Defendant The Kroger Company, has previously been served and service of this Amended Petition has been effected by service on counsel of record, Amber Slayton, Uloth & Peavler L.L.P.

### FACTS

3.    At all times material hereto, Defendant The Kroger Company was the owner of the premises located at 815 W. Crawford Street, Denison, Texas.

4.    Lisa Davis entered upon said premises for the purpose of purchasing household items. She entered on the said property of Defendant at the invitation of Defendant to engage in the act of

5

shopping for her household items.

5.     During the time that Lisa Davis was upon Defendant's property, Lisa Davis was seriously injured as a result of a dangerous condition in that water had been allowed to accumulate on the floor.

6.     Lisa Davis's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT THE KROGER COMPANY

7.     At all times mentioned herein, Defendant The Kroger Company owned the property in question, located at 815 W. Crawford Street, Denison, Texas.

8.     At all times mentioned herein, Defendant The Kroger Company had such control over the premises in question that Defendant The Kroger Company owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

9.     Defendant The Kroger Company, Defendant's agents, servants, and employees negligently permitted the floor to become wet, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant The Kroger Company or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

10.     Furthermore, Plaintiff would show the court that the condition of the floor had continued for such period that, had Defendant The Kroger Company or Defendant's agents exercised ordinary care in the maintenance of the floor surface area, it would have been noticed and corrected by such persons.

11.     At all times pertinent herein, Defendant The Kroger Company, and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

A.     Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B.     Failing to maintain the floor in a reasonably safe condition;

C.     Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area; and

D.     Failing to give warnings to Plaintiff of the unsafe condition.

## PROXIMATE CAUSE

12.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF, LISA DAVIS

13.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Lisa Davis was caused to suffer a fracture, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

14.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Lisa Davis has incurred the following damages:

A. Reasonable medical care and expenses in the past $3,005.23. These expenses were incurred by Plaintiff, Lisa Davis for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Grayson County, Texas;

B. Physical pain and suffering in the past in the amount of $19,000.00;

C. Physical impairment in the past in the amount of $14,600.00;

D. Reasonable medical care and expenses in the future $5,000.00. These expenses may be incurred by Plaintiff, Lisa Davis for the necessary care and treatment of possible future surgery.

## EXEMPLARY DAMAGES

15.     Plaintiff, Lisa Davis hereby waives now and forever, any and all claims or causes of action against Defendant for Exemplary Damages in this cause and proceeds seeking only the damages enumerated in Paragraph 14 herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Lisa Davis, respectfully prays upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages as alleged herein together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:_____
Barry Rubarts
Texas Bar No. 24007958
303 W. Cherry
Sherman, Texas 75090
Tel. (903) 893-9669
Fax. (903) 893-0409
**ATTORNEY FOR PLAINTIFF,
LISA DAVIS**

## CERTIFICATE OF SERVICE

This is to certify that on May 1, 2003 a true and correct copy of the above and foregoing document was served on counsel for the Defendant, Amber Slayton, Uloth & Peavler, L.L.P., via facsimile 214-665-9531.

Barry Rubarts